IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | Case No. 24 CR - 388 GKF |
|---|---|
| Plaintiff, | INFORMATION |
| v. | [COUNT ONE: 18 U.S.C. § 1344 – Bank Fraud; |
| WILLIAM SHANE GARROW, | COUNT TWO: 26 U.S.C. § 7206(1) – Willfully Making and Subscribing a False Federal Income Tax Return; |
| Defendant. | Forfeiture Allegation: 18 U.S.C. § 982(a)(2) – Fraud Forfeiture] |

THE UNITED STATES ATTORNEY CHARGES:

### COUNT ONE
### [18 U.S.C. § 1344]

### The Scheme

1.   From on or about September 9, 2012, through on or about April 10, 2024, in the Northern District of Oklahoma, the defendant, **WILLIAM SHANE GARROW**, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, and to obtain any of the moneys, funds, credits, assets, and other property owned by, and under the custody and control of, a financial institution, by means of material false and fraudulent pretenses, representations, and promises, as described below ("the Scheme"):

### The Purpose of the Scheme

2.   The purpose of the Scheme was to enrich **GARROW** unlawfully so that he might pay for a lifestyle that cost more than his legitimate income could afford.

## The Manner, Means, and Execution of the Scheme

3.     To achieve the purpose of the Scheme, **GARROW** was hired in August 2007 by BOK Financial Securities, Inc., a wholly-owned subsidiary of Bank of Oklahoma Financial Corporation, (collectively "BOK" or "bank") headquartered in Tulsa, Oklahoma.

4.     It was part of the Scheme that **GARROW** became a Senior Vice President, Private Banker, at BOK and served as a financial advisor who provided investment and other banking services to wealthy banking clients until he was terminated in March 2024.

5.     It was part of the Scheme that **GARROW** fraudulently caused BOK to make wire transfers of funds from client accounts, without client authorization or consent, to entities and bank accounts owned and controlled by **GARROW** at other financial institutions.

6.     It was part of the Scheme that **GARROW** fraudulently caused BOK to issue cashier's checks from client accounts, without client authorization or consent, to be made payable to entities **GARROW** owned and controlled, which he then deposited into bank accounts **GARROW** owned and controlled at other financial institutions.

7.     It was part of the Scheme that, to avoid detection of his embezzlement activities, at times when a client questioned account disparities or unauthorized transactions, **GARROW** would and did tell those clients that the errors were inadvertent mistakes, and that BOK would correct the errors. However, **GARROW**

would and then did personally deposit funds into the complaining client accounts, sometimes using funds **GARROW** had embezzled from a different unsuspecting client.

8.     **GARROW** executed the Scheme by fraudulently embezzling approximately $4,277,227.99 from at least sixteen different depository accounts maintained by BOKF, NA, which is a subsidiary of BOK Financial Corporation, and operates under the brand Bank of Oklahoma.

9.     BOKF, NA, is a "financial institution" within the meaning of Title 18, United States Code, Section 20, the depository accounts of which were insured by the Federal Deposit Insurance Corporation.

All in violation of Title 18, United States Code, Section 1344.

## COUNT TWO
**[26 U.S.C. § 7206(1)]**

On or about October 30, 2023, in the Northern District of Oklahoma, the defendant, **WILLIAM SHANE GARROW**, a resident of Tulsa, Oklahoma, willfully made and subscribed a Form 1040 U.S. Individual Income Tax Return for the tax year 2022 ("the Form 1040"), verified by his written declaration that it was made under the penalties of perjury and filed with the Internal Revenue Service, which **GARROW** did not believe to be true and correct as to every material matter. Specifically, **GARROW** knew that, for tax year 2022, in connection with the fraudulent conduct described in Count One herein, the fraudulently obtained payments he caused to be made to himself during 2022 in the total approximate amount of $592,500 were reportable "Other Income" on the Form 1040, but he knowingly failed to report those amounts on the Form 1040.

All in violation of Title 26, United States Code, Section 7206(1).

# FORFEITURE ALLEGATION
## [18 U.S.C. § 982(a)(2)]

The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2).

Upon conviction of the offenses alleged in this Information, as a part of his sentence, the defendant, **WILLIAM SHANE GARROW**, shall forfeit to the United States any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to:

### MONEY JUDGMENT

1. A money judgment in an amount of at least $4,277,227.99, representing proceeds obtained by **WILLIAM SHANE GARROW** as a result of the offenses;

### CURRENCY

2. $700,092.56 in United States currency seized from **WILLIAM SHANE GARROW** by law enforcement on September 4, 2024;

### REAL PROPERTY

3. All that lot and parcel of land, together with all buildings, appurtenances, improvements, fixtures, attachments and easements thereon, and all rights appertaining thereto, located at 12465 E 75th Avenue, Bixby, Oklahoma, 74008; more particularly described as Subdivision: Quail Creek Villas of Bixby (57932); Lot 13, Block 1; Section 02; Township 17; Range 13; and

4. All that lot and parcel of land, together with all buildings, appurtenances, improvements, fixtures, attachments and easements thereon, and all rights appertaining thereto, located at 1210 E 134th Pl S, Glenpool, Oklahoma,

74033; Subdivision Pecan Estates (85245); Lot 20, Block 6; Section 12; Township 17; Range 12.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1028(g), and Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Section 982(a)(2).

CLINTON J. JOHNSON
United States Attorney

*/s/ David D. Whipple*
DAVID D. WHIPPLE
Assistant United States Attorney